PER CURIAM.
This cause is before us on appeal from a final judgment invalidating central ad valo-rem tax assessments of appellees’ migratory rolling stock (railcars) on the basis that the authorizing Florida Statute, Section 193.085(4)(b), was applied unconstitutionally. We affirm, finding no error on the part of the trial court, but certify a question of great public importance to the Supreme Court of Florida.
Appellees, private carlines,[1] filed twenty complaints in the circuit court challenging the central ad valorem tax assessments for the tax years 1980 through 1984 rendered by the appellant, Department of Revenue (DOR), with respect to their migratory rolling stock. The complaints asserted the assessments to be invalid in their entirety and unconstitutionally discriminatory, in that the similarly situated migratory rolling stock of competing nonresident railroads (railroads with no track in Florida) is not subject to taxation in this state.
The cases were consolidated for trial, and many of the material facts were stipulated, leaving the principal fact for resolution to be whether there was actual discrimination on the part of DOR against private car-lines. DOR contended that the rolling stock of the nonresident railroads was equally assessed for taxation in Florida under DOR’s “unit” assessment of Florida’s resident railroads (railroads with track in Florida). DOR argued that under “unit” assessment, an income capitalization approach is used for appraising resident railroads,- which necessarily incorporates nonresident railroad cars hauled through Florida into the tax assessment of resident railroads, and they argue that nonresident railroad cars are thus being taxed under the resident railroads’ assessments.
The trial court found this argument unsupported by evidence and inconsistent *1260 with logic, since it basically requires the court to find that a resident railroad’s value is increased by capitalizing an expense. Moreover, the trial court found DOR to have failed to determine the “fair market value” of the nonresident railroad cars, as required when levying an ad valorem tax. In conclusion, the trial court held:
The Court concludes that Section 193.-085(4)(b), Florida Statutes cannot constitutionally be applied so as to subject Plaintiffs’ rolling stock to assessment and taxation in Florida, so long as nonresident railroad rolling stock is not taxed here. This statute, standing alone, is not facially invalid; however, the absence of any provision — in Section 193.-085 or elsewhere in Florida Statutes— which directs the taxation of nonresident railroad cars requires the Court to hold Section 193.085(4)(b) unconstitutional as applied to Plaintiffs, and to cancel the assessments in issue.
On appeal, DOR raises a new argument, to-wit: that there is no evidence that nonresident railroad cars were in the state during the period in which private-line cars were taxed, thereby excusing DOR from assessing any of the nonresident railroads and rendering its assessment of private-line cars nondiscriminatory. The trial court, however, found that:
[T]he cars of nonresident railroads also enter Florida on a regular basis. The substantial presence in Florida (and every other continental state) of nonresident railroads’ cars is an inevitable consequence of the nationwide system of rail-car interchange, and is further established by the direct evidence which Plaintiffs adduced at trial.
Finding no error on the part of the trial court, we affirm but certify to the Supreme Court of Florida the following as a question of great public importance:
IS THE ASSESSMENT FOR AD VALO-REM TAX OF PRIVATE-LINE RAIL-CARS, PURSUANT TO SECTION 193.-085(4)(B), FLORIDA STATUTES (1979), UNCONSTITUTIONALLY DISCRIMINATORY IN THAT THE SIMILARLY SITUATED ROLLING STOCK OF NONRESIDENT RAILROADS IS NOT SIMILARLY ASSESSED UNDER CHAPTER 193?
BOOTH, C.J., SMITH, J., and TILLMAN PEARSON (RET.), Associate Judge, concur.

. Private carlines are corporations in the business of leasing private railcars to shippers, but not in the business of operating or owning a railroad. Private carlines own no railroad track.